**SUSAN MARTIN (AZ#014226)**
**DANIEL BONNETT (AZ#014127)**
**JENNIFER KROLL (AZ#019859)**
**MARTIN & BONNETT, P.L.L.C.**
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com

*Attorneys for Plaintiff and the proposed Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| KEITH ADER and JEFFREY COCHRAN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SIMONMED IMAGING INCORPORATED, An Arizona corporation, and ABC ENTITIES 1-20, JOHN AND JANE DOES 1-20. <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT** |

Plaintiffs, Keith Ader and Jeffrey Cochran, collectively ("Plaintiffs"), allege as follows:

1. This case arises out of Defendant, SimonMed Imaging Incorporated's ("SimonMed" or "Defendant") unlawful employment practices. Specifically, Defendant unlawfully classified and continues to classify its employees employed as Modality Service Engineers and MRI Field Engineers as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and has failed and

1

refused to pay overtime compensation in violation of the FLSA and in violation of Arizona's wage statutes, Ariz. Rev. Stat. § 23-350 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this action is brought under 29 U.S.C. § 216(b). This Court has pendent jurisdiction over the state claim pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendant because SimonMed regularly transacts business in and has significant and continuous contact with this District.

4. At all times material, Defendant was, and continues to be, engaged in interstate commerce as defined by the FLSA.

5. At all times material, during their employment with Defendant, Plaintiffs were employees as defined by the FLSA.

6. Venue is proper under 28 U.S.C. § 1391(b) as Defendant is domiciled in or around Maricopa County, Arizona.

## PARTIES

7. Plaintiff, Keith Ader, is a citizen and resident of Maricopa County, Arizona who was at all relevant times employed as a Modality Service Engineer employee and was and is an "employee" within the meaning of Ariz. Rev. Stat. § 23-350.

8. Plaintiff, Jeffrey Cochran, is a citizen and resident of Maricopa County, Arizona who was at all relevant times employed as an MRI Field Engineer employee and was and is an "employee" within the meaning of Ariz. Rev. Stat. § 23-350.

9. There is not distinction between Modality Service Engineers and MRI Field Engineers other than their title. They perform the same job duties which consist primarily of manual labor. All Modality Service Engineers and MRI Field Engineers currently or formerly employed by Defendant are similarly situated for purposes of this lawsuit.

10. At all relevant times during their employment with SimonMed, pursuant to

SimonMed's policy and pattern or practice, Plaintiffs regularly worked for SimonMed's benefit for periods of time without payment of all compensation due them under the law. SimonMed did not pay Plaintiffs overtime compensation for hours worked for SimonMed's benefit in excess of 40 hours in a workweek despite being legally obligated to do so.

11. Defendant, SimonMed, is an Arizona corporation authorized to conduct business in Arizona and is within the jurisdiction of this Court. Defendant's principal place of business is located in Scottsdale, Arizona. Upon information, SimonMed transacts its business in jurisdictions other than Arizona including, but not limited to, California, Nevada, Florida and Nebraska.

12. Defendant, SimonMed, is an "employer" within the meaning of 29 U.S.C. § 203(d) and Ariz. Rev. Stat. § 23-350.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated Modality Service Engineer and MRI Field Engineer employees who work or have worked for SimonMed performing or who have performed such duties who elect to opt into the FLSA claims asserted in this action.

14. SimonMed is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and similarly situated employees. Defendant's failure to pay overtime compensation to similarly situated Modality Service Engineer and MRI Field Engineer employees results from Defendant's standard policy and practice, the class members are readily identifiable and all Modality Service Engineer and MRI Field Engineer employees performed similar duties, responsibilities and activities, all of whom were and are harmed by Defendant's unlawful decision refusing and failing to pay overtime compensation in violation of the FLSA. Notice should be sent to the FLSA Class Members pursuant to 29 U.S.C. § 216(b).

15. Plaintiffs also bring suit on behalf of themselves and on behalf of all others similarly situated for violations of Arizona's Wage Statutes under the provisions of Rule

23 of the Federal Rules of Civil Procedure with respect to violations alleged in this Complaint. Judicial economy dictates that the issues raised here be resolved in a single action.

16. The proposed class ("Class") is defined as follows:

> All persons currently or formerly employed as a Modality Service Engineer, MRI Field Engineer or other similarly situated employee performing installation, maintenance and repair of certain medical diagnostic equipment used or operated by Defendant in the United States who worked in excess of forty hours during one or more workweeks without receiving overtime compensation within three (3) years of the date this action was commenced.

17. Defendant SimonMed has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and Arizona Wage Statues. This policy and pattern or practice includes but is not limited to:

   a. willfully failing to record all of the time that its employees, including Plaintiffs and Class Members, have worked for the benefit of Defendant;

   b. willfully failing to keep records as required by the FLSA;

   c. willfully misclassifying Plaintiffs and similarly situated Modality Service Engineer and MRI Field Engineer employees as exempt from the overtime requirements of the FLSA;

   d. willfully failing to pay its Modality Service Engineer and MRI Field Engineer employees, including Plaintiffs and members of the Class, overtime wages for hours that they worked in excess of 40 hours per week.

18. The requirements for maintaining this action as a class action under Fed. R. Civ. P. 23(a)(1) are satisfied in that there are too many Class members for joinder of all of them to be practicable. Upon information, there are more than 15 members of the proposed Class.

19. The claims of the Class members raise numerous common questions of fact and law, thereby satisfying the requirements of Fed. R. Civ. P. 23(a)(2).

20. Plaintiffs' claims are typical of the claims of Class members and therefore satisfy the requirements of Fed. R. Civ. P. 23(a)(3). Plaintiffs and the Class members work or have worked for Defendant as Modality Service Engineer and MRI Field Engineer employees and have not been paid overtime wages for hours they worked in excess of 40 hours per work.

21. Plaintiffs will fairly and adequately represent the interests of the proposed Class and therefore satisfies the requirements of Fed. R. Civ. P. 23(a)(4).

22. Plaintiffs have retained counsel who are competent and experienced in complex class actions and in labor and employment litigation and therefore satisfy the requirements of Fed. R. Civ. P. 23(g).

23. All of the requirements of Fed. R. Civ. P. 23(b)(1) are satisfied in that the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Defendant. Also, individual adjudications present a risk of adjudications which, as a practical matter, would be dispositive of the interests of other members who are not parties.

24. All of the requirements of Fed. R. Civ. P. 23(b)(2) also are satisfied in that the Defendant's actions affect or have affected all Class members in the same manner making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

**GENERAL ALLEGATIONS**

25. Defendant, SimonMed, advertises itself as one of the largest outpatient medical imaging providers and radiology practices in the United States specializing in using diagnostic imaging technologies at multiple locations in Arizona, California, Florida, Nevada and Nebraska.

26. Defendant employs or has employed Plaintiffs and those current and former employees similarly situated under the title of Modality Service Engineer, MRI Field Engineer or some other title.

27. Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees are employees whose job duties and responsibilities are not exempt from the requirements to pay overtime. However, Defendant improperly classified, and continues to classify, these employees as exempt for the purpose of overtime compensation eligibility under the FLSA without reference to the types of duties those workers perform.

28. Plaintiffs and those current and former Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees customarily and regularly performed non-exempt physical or manual work. That is, the primary duties of Plaintiffs and Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees consist of installing, maintaining and troubleshooting medical and radiological imagining and diagnostic equipment used by SimonMed technicians and physicians located in different parts of the United States.

29. Plaintiffs and those current and former Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees rarely, if ever, exercise true discretionary powers in connection with matters of significance.

30. Plaintiffs and those current and former Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees were not and are not relatively free from supervision in connection with matters of significance.

31. Upon information, SimonMed does not keep accurate payroll records of all hours worked by Plaintiffs and members of the Class as required by the FLSA.

32. Plaintiffs and current and former Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees routinely and regularly worked for Defendant in excess of forty hours per workweek without being paid overtime wages.

33. Upon information and belief, Defendant was or should have been aware that state and federal law required it to pay its employees performing non-exempt duties overtime wages for hours worked in excess of forty per week.

34. Upon information and belief, Defendant was aware or should have been

aware that Plaintiffs and other Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees customarily and regularly perform non-exempt physical or manual work consisting of installing, maintaining and troubleshooting medical and radiological imaging and diagnostic equipment including hardware and electronic components, storage products and embedded subsystems.

35. Upon information and belief, Defendant's failure to pay Plaintiffs and Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees overtime wages for their work in excess of 40 hours per week was willful and without justification or authorization.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND ALL FLSA CLASS MEMBERS

36. Plaintiffs reallege and incorporate all allegations in all preceding paragraphs as if fully set forth.

37. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as set forth herein.

38. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' consents are attached hereto as Exhibit A.

39. Plaintiffs and those current and former employees similarly situated are entitled to be paid one and one-half times their regular hourly rate of pay for each hour worked in excess of forty hours per workweek.

40. In the course of employment with Defendants, Plaintiffs and those current and former employees similarly situated worked the number of hours required of them, many times in excess of forty hours, but were not properly paid overtime compensation.

41. The pay practices of Defendant, as described in the above paragraphs, violate the FLSA by failing to properly pay overtime to Plaintiffs and those current and former employees similarly situated for those hours worked each workweek in excess of forty hours.

42. Defendant's violations of the FLSA are willful and intentional. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other current and former Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees.

43. Because of Defendant's willful and unlawful acts, a three year statute of limitations applies, pursuant to 29 U.S.C. § 255 and Plaintiffs and those current and former employees similarly situated have been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

44. As a result of Defendant's violations of the FLSA, Plaintiffs and those current and former employees similarly situated are entitled to liquidated damages in an amount equal to the wages they are owed as unpaid overtime.

45. As a result of Defendant's violations of the FLSA, Plaintiffs and those current and former employees similarly situated are entitled to declaratory and injunctive relief.

46. As a result of Defendant's unlawful acts, Plaintiffs and the FLSA Class Members are entitled to recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

47. During the three years preceding the filing of this lawsuit, Defendant has (1) employed and continues to employ individuals similarly situated to Plaintiffs (i.e., Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees) throughout Arizona and elsewhere; (2) classified and continues to misclassify these employees as exempt for the purpose of overtime compensation eligibility; (3) suffered or permitted to be suffered, with knowledge, hours of service by these employees in excess of forty hours during one or more workweeks, for which Defendant failed to properly pay additional overtime premiums. Each improperly classified and therefore improperly paid Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees who performed or continues to perform services for

Defendant for any time during the three years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

## COUNT II

## FOR VIOLATION OF ARIZONA'S WAGE ACT ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS

48. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

49. At all times relevant to this action, Plaintiffs were and are employees and Defendant was and is an employer within the meaning of and subject to Ariz. Rev. Stat. § 23-350.

50. Ariz. Rev. Stat. § 23-351 provides that:

> A. Each employer in this State shall designate two or more days in each month, not more than sixteen days apart, as fixed paydays for payment of wages to the employees . . .
>
> \*\*\*
> C. Each employer shall, on each of the regular paydays, pay to the employees . . . all wages due the employee up to such date . . .

51. Ariz. Rev. Stat. § 23-351(c)(3) provides that: "[o]vertime or exception pay shall be paid no later than sixteen days after the end of the most recent pay period."

52. As set forth above, the FLSA requires that employees such as Plaintiffs and similarly situated Modality Service Engineer, MRI Field Engineer and other similarly situated SimonMed employees be paid overtime wages for all hours worked in excess of forty hours per week. Defendant violated Ariz. Rev. Stat. §23-351 by failing to pay wages and overtime due Plaintiffs and members of the Class for work in excess of forty hours per week within the time periods specified in Ariz. Rev. Stat. § 23-351.

53. As a result of Defendant's violations of Ariz. Rev. Stat. § 23-351, Plaintiffs and members of the Class are entitled to an award of the unpaid wages, with prejudgment-interest thereon, and are entitled to treble the amount of such wages,

together with attorneys' fees and costs pursuant to Ariz. Rev. Stat. §23-355.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Keith Ader and Jeffrey Cochran, individually and on behalf of all others similarly situated, pray that judgment be entered against Defendant and that the Court award the following relief including but not limited to:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the commencement of this suit, up through and including the date of this Court's issuance of Court-supervised notice been employed by Defendant as Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees. Such notice shall inform them that this civil action has been filed, the nature of the action, and the right to join this lawsuit if they were denied proper wages;

B. Certification of this action as a collective action under the FLSA, 29 U.S.C. § 216(b) and as a class action under the FLSA and under Arizona's wage statue for all purposes of liability and relief and appointment of undersigned counsel as Class Counsel pursuant to Fed. R. Civ. P. 23(g);

C. An Order declaring that Defendant has violated the FLSA;

D. An Order declaring that Defendant has violated Arizona's Wage Act;

E. Judgment for Plaintiffs and the Class against Defendant for the wages and overtime payments due them for the hours worked by them for Defendant without proper compensation as set forth in 29 U.S.C. § 216(b);

F. Judgment for Plaintiffs and the Class against Defendant for liquidated damages as set forth in 29 U.S.C. § 216(b);

G. Judgment for Plaintiffs and the Class against Defendant for treble damages as set forth in Ariz. Rev. Stat. §23-355;

H. Judgment against Defendant declaring Defendant's conduct as set forth in

this Complaint constitutes violation of the FLSA as well as Arizona wage laws and other applicable laws;

I. Judgment against Defendant enjoining Defendant from continuing to classify Modality Service Engineer, MRI Field Engineer and similarly situated SimonMed employees as exempt from the provisions of the FLSA;

J. An order awarding, declaring or otherwise providing Plaintiffs and the Class all other such injunctive, equitable and legal relief to which Plaintiffs and the Class are or may be entitled whether or not specified herein;

K. An order awarding Plaintiffs and the Class reasonable attorneys' fees along with costs pursuant to 29 U.S.C. § 216(b), Ariz. Rev. Stat. § 23-355, and/or the common fund theory;

L. Any and all other relief the Court deems just and proper.

Dated this 29th day of June, 2017.

                                            s/Daniel L. Bonnett_____
**MARTIN & BONNETT, P.L.L.C.**
Susan Martin
Daniel Bonnett
Jennifer Kroll
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900

*ATTORNEYS FOR PLAINTIFS AND THE PROPOSED CLASS*