# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Keith Ader,

    Plaintiff,

v.

SimonMed Imaging Inc., *et al.*,

    Defendants.

No. CV-17-02085-PHX-JJT

**AMENDED ORDER**

At issue is Plaintiffs Keith Ader and Jeffrey Cochran's Motion to Modify Scheduling Order and for Leave to File a Fourth Amended Complaint (Doc. 63, Mot.), to which Defendants SMI Imaging, Howard John Simon, and SimonMed Imaging Inc. filed a Response (Doc. 69, Resp.), and Plaintiffs filed a Reply (Doc. 70, Reply). The Court resolves Plaintiffs' Motion without oral argument. *See* LRCiv 7.2(f).

**I.    BACKGROUND**

Plaintiffs filed the original Complaint on June 29, 2017. (Doc. 1.) There have been three amendments to the Complaint since the initial filing. Plaintiffs filed the First Amended Complaint on July 13, 2017, adding a claim for unlawful retaliation in violation of the Fair Labor Standards Act (FLSA). (Doc. 9.) Defendants filed an Answer to the First Amended Complaint on September 15, 2017. (Doc. 16.) Additionally, Defendants filed a motion to dismiss on the same date, but the motion was filed before both parties had conferred. (Doc. 17.) After conferring, the parties agreed that Plaintiffs would file a Second

Amended Complaint to address concerns raised in Defendants' motion and that the motion would be withdrawn. (Doc. 22.) Pursuant to stipulation and order, Defendant withdrew its motion to dismiss and Plaintiffs filed their Second Amended Complaint on October 2, 2017. (Docs. 19, 22, & 25.)

The Court held a case management conference on October 31, 2017, and issued the Scheduling Order on the same day. (Doc. 32.) On or about February 2, 2018, Defendants terminated Plaintiff Cochran's employment. (Doc. 49.) The parties then stipulated and jointly moved the Court to allow the filing of the Third Amended Complaint to add a claim for unlawful retaliation committed against Cochran and to amend the Rule 16 Scheduling Order. (Doc. 49.) On April 13, 2018, the Court granted the parties' joint motion for leave to file the Third Amended Complaint and to amend the Scheduling Order. (Doc. 55.)

Plaintiffs now move to amend the Scheduling Order under Fed. R. Civ. P. 16(b)(4) and request leave to file a Fourth Amended Complaint adding a claim for violations of the California Labor Code under Fed. R. Civ. P. 15(a)(2). (Mot. at 2) Plaintiffs request leave to add these claims for failure to pay overtime in amounts required by Cal. Lab. Code § 510, which calculates overtime hours differently than the FLSA and requires (in certain circumstances) that employees be compensated for overtime hours worked in amounts above those required by the FLSA.

**II.  LEGAL STANDARD**

A party may amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Where a court has entered a scheduling order under Rule 16 and set a deadline for amending the pleadings, the Court "should address the issue under [Rule] 16." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Under Rule 16(b)(4), a party must show "good cause for not having amended their complaint before the time specified in the scheduling order expired." *Id.* "This standard 'primarily considers the diligence of the party seeking the

amendment.'" *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).

Once a party has shown good cause under Rule 16, it must demonstrate that amendment is also proper under Rule 15. *Johnson*, 975 F.2d at 608. Although the decision to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (holding that after a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."). "A proposed amended complaint is futile if it would be immediately subject to dismissal. Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 (9th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**III. ANALYSIS**

**A. Leave to Amend the Scheduling Order under Fed. R. Civ. P. 16(b)(4)**

Because Plaintiffs seek to modify the Rule 16 Scheduling Order to add a claim for failure to pay overtime wages under California state law, Plaintiffs must show they have good cause to make such an amendment. When determining whether a party has shown

good cause, the standard "primarily considers the diligence of the party seeking amendment." *See Johnson*, 975 F.2d at 607-609. To determine if a party has acted diligently, a court may look to: (1) whether the party was diligent in assisting the court in creating a workable Rule 16 order; (2) whether the party's noncompliance with the Rule 16 deadline occurred because of the development of matters that could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) whether the party was diligent in seeking amendment of the Rule 16 order after it became apparent they could not comply with it. *Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

In this case, the Court recognizes that Plaintiffs were diligent both in assisting in the creation of the Rule 16 Scheduling Order and in seeking this amendment of the Rule 16 Scheduling Order, and Defendants have provided no argument to the contrary. The question here is whether Plaintiff's request to amend the Rule 16 deadline is a result of development of matters that they could have reasonably foreseen or anticipated.

Plaintiffs claim that they could not foresee the need to include a claim arising under the California Labor Code in their previous complaints because Defendants provided insufficient information during the discovery process. (Mot. at 5) Plaintiffs argue that they submitted numerous discovery requests pertaining to the geographical location of Defendants' various employees and that Defendants failed to provide sufficient details in their responses. (Mot. at 5) They further claim that they did not identify the possibility of filing a claim under the California Labor Code until they learned that some of Defendants' employees regularly worked in California. (Mot. at 6) Defendants argue that the information requested by Plaintiffs is irrelevant to the California Labor Code claim and was also readily available to Plaintiffs without the need for Defendants to provide it during discovery. (Resp. at 3)

The Court finds Plaintiffs' argument persuasive. Plaintiffs filed adequate discovery requests pertaining to the location of work performed by Defendants' employees, and Defendants' initial responses did not provide the information necessary for Plaintiffs to

- 4 -

foresee or anticipate the need to file a claim under the California Labor Code. Additionally, the Court finds that Defendants' argument that the information requested by Plaintiffs was already readily available is inaccurate. Plaintiffs may have known that employees of Defendants conducted work in California, but they could not have known the extent and regularity of this work without Defendants providing this information through proper discovery responses. The amount of work conducted in California is crucial to the viability of the California Labor Code claim because the statute primarily concerns the amount of hours an employee has worked in a certain period of time. Without knowing this information, Plaintiffs could not have reasonably foreseen or anticipated the need to file a claim under California law. As a result, the Court finds that Plaintiffs have been sufficiently diligent, and thus have good cause to amend the Scheduling Order under Fed. R. Civ. P. 16(b)(4).

**B.     Leave to File Fourth Amended Complaint under Fed. R. Civ. P. 15(a)(2)**

Having satisfied the good cause requirement under Rule 16, Plaintiffs' proposed amendment must also satisfy the requirements of Rule 15(a). Defendants argue that the additional claim Plaintiffs seek to add is futile.

The Court finds that Plaintiffs' proposed additional claim is sufficient under Rule 12(b)(6). Defendants' argument that "Plaintiffs have not provided . . . any information regarding when or how often they allegedly worked in California" is premature. (Resp. at 5) In the pleading stage, Plaintiffs are not required to present evidence to support a claim—they need only allege factual matter showing that a claim is plausible on its face. *See Twombly*, 550 U.S. at 570. The proposed text of Plaintiffs' California Labor Code claim adequately states a claim upon which relief can be granted, and it contains sufficient factual matter to state a claim that is plausible on its face. Plaintiffs' allegations, taken as true, provide a sufficient basis to proceed with a claim for failure to pay overtime wages in amounts required by the California Labor Code. As a result, because Plaintiffs' proposed claim survives a Rule 12(b)(6) analysis, the Court finds that Plaintiffs' proposed amendment is not futile.

Defendants further argue that Plaintiffs' request to amend their Complaint should be denied because granting them leave would result in undue delay. (Resp. at 4) The Court does not find this argument persuasive. When evaluating undue delay, courts should look to "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). As stated in the Court's Rule 16 analysis, Plaintiff could not have known the facts necessary to establish the additional claim they seek to add to their complaint without adequate discovery responses provided by Defendants. Plaintiffs did not have this information when filing their original Complaint. As a result, Plaintiffs have not caused undue delay by their request to amend their Complaint.

Additionally, the effects of granting Plaintiffs leave to amend the Complaint are minimal. At this point, this case is in the early stages of discovery, and no depositions have taken place. The Fourth Amended Complaint will not affect any other deadlines that have been established. Finally, even if Plaintiffs' Fourth Amended Complaint would result in undue delay, "[u]ndue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). Because Plaintiffs' proposed Fourth Amended Complaint is not futile and will not cause undue delay, and Defendants have not presented a bad faith argument, the Court grants Plaintiffs' Motion to Amend their Complaint for a fourth time.

**IV. CONCLUSION**

The Court finds that Plaintiffs have presented good cause to amend the Rule 16 Scheduling Order and that the proposed amendment of Plaintiff's Complaint is not futile and will not result in undue delay.

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED** granting Plaintiffs' Motion to Amend Rule 16 Scheduling Order and for Leave to File a Fourth Amended Complaint (Doc. 63). Plaintiffs shall file the Fourth Amended Complaint on the docket by December 13, 2018.

Dated this 6th day of December, 2018.

Honorable John J. Tuchi
United States District Judge