**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Ader, *et al.*, | No. CV-17-02085-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| SimonMed Imaging Incorporated, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Rule 37(c)(1) Motion to Prohibit Defendants' Use of Certain Trial Exhibits and for Sanctions (Doc. 149, Mot.), to which Defendants filed a Response (Doc. 155, Resp.) and Plaintiffs filed a Reply (Doc. 156). For the following reasons, the Court denies Plaintiffs' Motion but requires Defendants to redo certain pretrial disclosures as enumerated in this Order.

In their pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3), Defendants listed 56 exhibits as "exhibits expected to be offered at trial" and 29 as "exhibits that may be offered at trial." (*See* Mot. Ex. A.) Now moving under Rule 37(c)(1),[1] Plaintiffs request the Court prohibit Defendants from using 19 of those exhibits at trial on the grounds they violate Rule 26(a)(3)(A)(iii). That disclosure rule provides:

---

[1] Rule 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

> [A] party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
>
> . . .
>
> (iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

Fed. R. Civ. P. 26(a)(3)(A)(iii).

The Advisory Committee elaborates that the Rule "requires a separate listing of each such exhibit, though it should permit voluminous items of a similar or standardized character to be described by meaningful categories." Fed. R. Civ. P. 26(a)(3) advisory committee's note. For example, "a series of vouchers might be shown collectively as a single exhibit with their starting and ending dates." *Id*. Plaintiffs argue the 19 exhibits at issue, which total over 52,000 pages, are overly voluminous, not composed of items of a sufficiently similar or standardized character, and are assigned vague descriptions. To the extent they do contain similar subject matter, it is only on a superficial level.

The Court agrees with Plaintiffs with respect to 15 of Defendants' exhibits. Exhibits 60, 63–65, and 67–74 are similar only in that they are "emails and attachments" from the same named custodian or custodians. (*See* Mot. at 5–8.) For example, Exhibit 63, labeled "[e]mail and attachments from custodians Ader and Cochran" contains 19,831 pages alone. Exhibit 65 is also named "additional email and attachments from custodian Ader" and is an additional 1,135 pages. Exhibits 76 and 77, listed as "[a]dditional emails and attachments from various custodians," are even more vague, as they do not even identify the name of the custodian. These exhibits amount to the proverbial unfair "document dump" the Rules and Advisory Comments are designed to prevent. *See S.E.C. v. Badian*, 822 F. Supp. 2d 353, 367 (S.D.N.Y. 2011). ("A group of emails may be similar in a facile sense that they are all emails and all from the same sender or sent on the same date, but they are rarely 'similar or standardized[.]'").

1 Likewise, Exhibit 50, titled "Service Reports and Tickets for Ader, Cimino, and Cochran" is 13,453 pages and concerns three different Plaintiffs who worked for Defendants at different times and on different projects. Defendants wholly fail to show why all of their service reports can and should be grouped together. On its face, Exhibit 50 is another overbroad document dump without meaningful categorization.

In response, Defendants do not attempt to explain the similarity of the content of those exhibits or suggest they are being offered for their significance as a collection. *See id.* Rather, Defendants maintain there is no Rule 26 violation because Plaintiffs were "put on notice" of and possessed copies of those documents by May 2019 at the latest. (Resp. at 2–3.) Defendants, however, conflate initial disclosure requirements and the discovery process with pretrial disclosures—all of which serve different purposes. Together, initial and supplemental disclosures reveal the full universe of potentially relevant evidence for every claim or defense. Throughout discovery, the parties sift through that information to ascertain what evidence helps prove those claims and defenses. Pretrial disclosures under Rule 26(a)(3) represents that narrowed universe and, as the name suggests, is aimed at *trial* preparation. Observance of Rule 26(a)(3) not only helps both parties, but also aids the Court and jury throughout trial. That Defendants may have adhered to Rules related to initial disclosures and/or Plaintiffs' discovery requests does not exempt them from compliance with Rules for pretrial disclosures. Nor are Defendants excused from compliance by deeming the exhibits as ones that "may be offered at trial." (*See* Resp. at 4.) Separate and individualized identification of documents are required both for exhibits a party expects to use at trial and exhibits it may offer at trial. *See* Fed. R. Civ. P. 26(a)(3)(A)(iii).

On the other hand, Defendants sufficiently demonstrate compliance with the Rule with respect to Exhibit 6 ("Emails to and from Plaintiff Ader regarding outside activities, including job searches, purchases, police reports, divorce proceedings, dating sites, and tax information"); Exhibit 17 ("Emails and invoices to and from Hi-Caliber and Plaintiff Ader"); and Exhibit 57 ("Text messages between Plaintiff Ader and Michelle Ader and

- 3 -

FaceBook [sic] posts"). Defendants explain that these exhibits are grouped together because they relate to personal activities or external work that Plaintiff Ader engaged in while he was allegedly supposed to be working for Defendants. Unlike the other exhibits discussed above, the significance of these three exhibits is, in part, derived from their collective volume.

Finally, while Exhibit 62, labeled "Training documents," is slightly vague, the Court finds the category of training documents sufficiently standardized under Rule 26(a)(3)(A)(iii). This is especially true in light the exhibit's relatively short length.

In sum, the Court concludes Defendants' Exhibits 50, 60, 63–65, 67–74, 76, and 77 fail to comply with Rule 26(a)(3)(A)(iii), but that Exhibits 6, 17, 57, and 62 comply. Plaintiffs request that Defendants be prohibited altogether from relying on or using at trial the exhibits that violate the Rule. The Court declines to impose such a harsh sanction at this time, instead finding the *Badian* court's approach most prudent. *See* 822 F. Supp. 2d at 366–67. Defendants must "cull, revise, redesignate, and re-disclose" Exhibits 50, 60, 63, 74, and 67–74. *Id*. Each document Defendants intend to or may use at trial must be offered as a separate exhibit, consistent with Rule 26(a)(3)(A)(iii). However, a series of items may be grouped as a single exhibit so long as Defendants demonstrate the documents are being offered for their *significance as a collection* rather than tendered for a particular statement or statements made therein. In revising their exhibits, Defendants "must give due regard to considerations of relevance, avoidance of accumulation, clarity of presentation of issues at trial, and whether the volume of material proposed to be presented is consistent with a [factfinder's] likely ability to comprehend its content and significance." *Id*. Failure to comply with this Order or the applicable Rules may result in sanctions up to and including prohibiting Defendants from using noncompliant exhibits at trial.

**IT IS THEREFORE ORDERED** denying Plaintiffs' Motion (Doc. 149) to the extent it seeks Rule 37 sanctions. The Court does find, however, that 15 of Defendants' pretrial exhibits violate Rule 26(a)(3)(A)(iii).

**IT IS FURTHER ORDERED** that Defendants revise, redesignate, and redisclose those 15 exhibits consistent with this Order.

Dated this 22nd day of September, 2020.

Honorable John J. Tuchi
United States District Judge

- 5 -